IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CATHAY BANK,** a California banking corporation, successor by merger to Far East National Bank, | |
| Plaintiff, | No. 3:20-cv-01024-MO |
| v. | OPINION AND ORDER |
| **MARK S. HEMSTREET,** an individual; **SHILO MANAGEMENT CORPORATION,** an Oregon corporation; **CASCADE HOTEL CORPORATION**, an Oregon corporation; and **DOES 1 through 20,** inclusive, | |
| Defendants. | |

**MOSMAN, J.,**

Before me is Defendants' Motion for Partial Summary Judgment [ECF 34].[1] Defendants argue that jurisdiction lies in California state court, not Oregon federal court. Defs.' Mot. Partial Summ. J. [ECF 34] at 3. I disagree and therefore DENY Defendants' motion.

//

//

---

[1] Plaintiff argues that I should treat the motion as one for judgment on the pleadings under Rule 12(c). Pl.'s Opp'n [ECF 53] at 2–3. Regardless of the vehicle in which it is brought, Defendants' argument fails.

1 – OPINION AND ORDER

## BACKGROUND

Plaintiff previously sued these same Defendants in California state court. Cassie L. Bow Decl. [ECF 35] Ex. A. That case settled. *Id.* Ex. C, at 4. The California court conditionally dismissed the case without prejudice but "reserv[ed] its power and jurisdiction to set aside the conditional dismissal to enforce the terms of the settlement of the parties pursuant to California Code of Civil Procedure § 664.6." *Id.*; *see also id.* Ex. C, at 6.

Now, Defendants argue that this court lacks jurisdiction because the California court retained and has exclusive concurrent jurisdiction over these issues. Defs.' Mot. for Partial Summ. J. [ECF 34] at 3–5. Defendants also argue that the California court's exclusive jurisdiction is mandated by the parties' settlement agreement, which states: "pursuant to CCP §664.6, the court shall retain jurisdiction in this matter in the case of an event of default thereby allowing Lender, in its discretion, to proceed with said lawsuit in the event of default in the terms and/or conditions of this Fourth Agreement." Bow Decl. [ECF 35] Ex. B, ¶ 10. Finally, Defendants urge me to dismiss in the name of comity and efficiency. Defs.' Reply [ECF 58] at 2–3.

Plaintiff argues that California Code of Civil Procedure section 664.6 does not bar the right to file a separate lawsuit. Pl.'s Opp'n [ECF 53] at 8. Plaintiff further argues that the parties' settlement agreement "does not render exclusive jurisdiction in the California court." *Id.*

For the reasons that follow, I agree with Plaintiff on these two grounds. I therefore do not reach Plaintiff's alternative argument regarding the parties' compliance with California's rules, and I DENY as moot Plaintiff's Request for Judicial Notice [ECF 54], which is related to the alternative argument.

**DISCUSSION**

Under section 664.6, the California courts may "retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." Cal. Civ. Proc. Code § 664.6(a). The California courts have repeatedly and consistently held that the "statutory procedure for enforcing settlement agreements under section 664.6 is not exclusive." *In re Marriage of Woolsey*, 163 Cal. Rptr. 3d 551, 563 (Cal. Ct. App. 2013) (quoting *Nicholson v. Barab*, 285 Cal. Rptr. 441, 447 (Cal. Ct. App. 1991)). "Settlement agreements may also be enforced by motion for summary judgment, by a separate suit in equity or by amendment of the pleadings to raise the settlement as an affirmative defense." *Nicholson*, 285 Cal. Rptr. at 447. "If the Legislature had intended to make section 664.6 an exclusive remedy, it could have expressed that intention." *Kilpatrick v. Beebe*, 269 Cal. Rptr. 52, 53–54 (Cal. Ct. App. 1990). Simply because a California court retains jurisdiction under section 664.6 "does not mean it is the *only* court with jurisdiction to adjudicate the settlement agreement." *MSY Trading Inc. v. Saleen Auto., Inc.*, 264 Cal. Rptr. 3d 901, 908 (Cal. Ct. App. 2020); *see also id.* (explaining that the rule of "exclusive concurrent jurisdiction" has no application here).

The settlement agreement is in accord with (and expressly references) section 664.6. *See* Bow Decl. [ECF 35] Ex. B, ¶ 10 (providing that "pursuant to CCP §664.6, the court shall retain jurisdiction in this matter . . . .").

Thus, under both the section 664.6 and the settlement agreement, the result is the same: Plaintiff has the right to pursue this separate lawsuit.

Finally, I deny Defendants' request for dismissal in the name of comity and efficiency. Given Plaintiff's clear right under California law to pursue this action in a separate lawsuit, I disagree that comity weighs in favor of dismissal. And considering all that has already happened

before me during the course of this litigation, including the issuance of provisional process, it would be *inefficient* at this point to dismiss and require the parties to restart in California.

## CONCLUSION

For the above reasons, I DENY Defendants' Motion for Partial Summary Judgment [ECF 34]. I also DENY as moot Plaintiff's Request for Judicial Notice [ECF 54].

IT IS SO ORDERED.

DATED this  29  day of January, 2021.


*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

4 – OPINION AND ORDER